UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOHNATHAN K'SHAWN JONES | CIVIL ACTION |
| VERSUS | NO. 22-845 |
| TPCJC MEDICAL EMT STAFF UNDER ADMINISTRATION OF RICHARD "PETIE" NEAL | SECTION "I" (2) |

## FINDINGS AND RECOMMENDATION

Plaintiff Johnathan K'Shawn Jones filed this *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 alleging that he was denied adequate medical care while housed in the Terrebonne Parish Criminal Justice Complex ("TPCJC"). ECF No. 1, ¶IV, at 4-5. On June 1, 2022, I issued an order to Jones requiring him to file in writing, on or before July 1, 2022, a summary of the relevant facts and lists of witnesses and exhibits as outlined in the order. ECF No. 5. The order was mailed to Jones at his prison address of record, and no response was received from Jones.

As a result, on July 11, 2022, I issued an order directing Jones to show cause why his suit should not be dismissed for his failure to comply with my prior order and giving him to August 12, 2022, to file the fact order response. ECF No. 7. The show cause order was mailed to Jones at his prison address of record. On August 1, 2022, the envelope was returned to the Clerk of Court as undeliverable marked "Return to Sender, Not deliverable as Addressed, Unable to Forward," with a handwritten notation that Jones had been "Released." ECF No. 8.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may in its discretion dismiss any action based on the failure of the plaintiff to prosecute or comply with any order of the court.[1] In applying the sanction of dismissal, courts have traditionally considered the

---

[1] *Hulsey v. State of Texas*, 929 F.2d 168, 171 (5th Cir. 1991); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.

extent to which the plaintiff, rather than his counsel, is responsible for the delay or failure to comply with the court's order.[2]  Because plaintiff is proceeding *pro se*, it is apparent that this court must weigh his actions alone in considering dismissal of this action under Rule 41(b).  A *pro se* litigant is not exempt from compliance with relevant rules of procedural and substantive law.[3]  A *pro se* litigant who fails to comply with procedural rules has the burden of establishing excusable neglect, which is a strict standard requiring proof of more than mere ignorance.[4]

In addition, all litigants are obligated to keep the court advised of any address change.  *See* EDLA Local Rules 11.1 and 41.3.1.  "[T]he failure of a pro se litigant to notify the district court of an address change may be considered by the district court as an additional cause for dismissal for failure to prosecute."[5]

Jones has not responded to the court's initial order for additional information about his case or the show cause order.  To date, Jones also has not filed a notice of change of address or otherwise contacted the court or clerk of court about his case.  His failure to comply with the court's rules and orders has created delay in the court's ability to efficiently manage the case.  This delay is caused by and attributable to Jones himself, justifying dismissal of his complaint for failure to prosecute.[6]

In a final effort to provide Jones with an opportunity to show cause why his complaint should not be dismissed, I am issuing these Findings and Recommendation to the presiding United States District Judge.  Jones is advised that he may object to these Findings and Recommendation

---

1988); *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 749 (5th Cir. 1987).
[2] *Markwell v. County of Bexar*, 878 F.2d 899, 902 (5th Cir. 1989); *Price v. McGlathery*, 792 F.2d 472, 474-75 (5th Cir. 1986).
[3] *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981); *Edwards v. Harris County Sheriff's Office*, 864 F. Supp. 633, 637 (S.D. Tex. 1994).
[4] *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988); *Birl*, 660 F.2d at 593.
[5] *Lewis v. Hardy*, 248 F. App'x 589, 2007 WL 2809969, at *4 n.1 (5th Cir. 2007).
[6] *See Torns v. State of Miss. Dept. of Corrections*, 262 F. App'x 638, 639 (5th Cir. 2008); *Raborn v. Inpatient Mgt. Partners, Inc.*, 278 F. App'x 402, 404-05 (5th Cir. 2008).

within fourteen (14) days from the date of service of this report. It is suggested to Jones that any objection should contain a short summary of the reasons why he failed to comply with the court's previous orders. Jones is further advised that any objection should be in writing and filed with the Clerk of the United States District Court, Eastern District of Louisiana, 500 Poydras Street, New Orleans, Louisiana 70130, on a written document containing the caption of this lawsuit.

Jones is advised that failure to file written objections to the Magistrate Judge's Findings and Recommendation may, and probably will, result in dismissal of plaintiff's lawsuit. A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[7]

## RECOMMENDATION

It is **RECOMMENDED** that plaintiff Johnathan K'Shawn Jones' 42 U.S.C. § 1983 complaint be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute pursuant to FED. R. CIV. PROC. 41(b).

Dated this 16th day of September, 2022.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[7] *Douglass v. United Servs. Auto. Ass'n*, 79 F. 3d 1415, 1430 (5th Cir. 1996) (*en banc*) (citing 28 U.S.C. § 636(b)(1)). *Douglass* referred to the previously applicable ten-day period for filing of objections, which was extended to fourteen days by amendment effective December 1, 2009, 28 U.S.C. § 636(b)(1).